**Opinion issued May 11, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-16-00076-CR**

———————————

**MILTON PAVON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 75786-CR**

---

**MEMORANDUM OPINION**

A jury convicted appellant Milton Pavon of aggravated sexual assault of a child, and it assessed punishment at 85 years in prison. *See* TEX. PENAL CODE § 22.021(a)(1)(B)(iv), (2)(B). In a single issue, Pavon challenges the sufficiency of the evidence to support his conviction. We affirm.

## Background

The complainant, a girl named K.P., lived just down the street from appellant Milton Pavon and his family. K.P. was 11 years old at the time of the sexual assault alleged in this case.

K.P. would visit the Pavons' home to play with their children. On one occasion, after visiting the Pavons, K.P. came home, slammed the door, and ran into her mother's room. According to her mother, K.P. was acting erratically, screaming, and shaking. Her mother calmed her down, and K.P. said that something had just happened to her. What K.P. said upset her mother. She immediately went to the Pavon home and started banging on the door. Eventually, Pavon came to the door and said, "I didn't do anything." K.P.'s mother then called the police because her "daughter had been violated."

After the police arrived, K.P. and her mother went to Angleton Danbury Hospital. From there, an ambulance transported K.P. to Texas Children's Hospital. There, a sexual assault nurse examiner examined K.P. and took her statement regarding what had taken place at the Pavon home earlier that day. The nurse examiner reported that K.P. told her:

> [A] man touched me. He put his privates in my butt. I really don't know his name. I went over to [A.P.'s] house. [A.P.] is an 11-year-old male. The man is his dad. We were in the kitchen listening to reggae music. After the man's wife called, he started licking me on my ear and then started going to massage my back and stuff. He told me to bend over, and he put his finger in my front part and his privacy in my

2

butt. I started crying because it didn't feel right to me. He took me and his little girl to the back and told me not to tell anyone because then he wouldn't be able to see his little girl again. He said he was the one who paid all the bills, and if I told there would be nobody to do that.

After further investigation, Pavon was arrested and indicted by a grand jury on a charge of aggravated sexual assault of a child by causing his sexual organ to contact K.P.'s anus.

At a trial before a jury, the State called several witnesses to testify, including K.P., her mother, and the sexual assault nurse examiner. K.P. testified that she went to her friend A.P.'s house to play. While other children played in the living room, K.P. sat in the dining room with A.P.'s father, identified as Pavon, and listened to reggae music. Pavon licked K.P.'s ear, stood behind her, and began massaging her shoulders. Pavon stood K.P. up and moved her into the kitchen. He "pulled [her] pants down," "touched" her in the place where she "pee[s]," and then "tried to put his private in" her "butt" and "it hurt."

The nurse examiner testified about K.P.'s statement and about the findings of her physical examination. During the examination, the nurse examiner found tears on K.P.'s anus consistent with the allegation that Pavon attempted to put his penis in her anus. The nurse examiner also swabbed K.P.'s ear and anus. The State introduced evidence, through forensic scientist Jessica Ehman, which showed that Pavon's DNA was found on the swab taken of K.P.'s ear. This finding was consistent with K.P.'s statement that Pavon licked her ear prior to attempting to

3

have anal sex with her. Additionally, another forensic scientist testified that she tested the swab taken of K.P.'s anus and found a single sperm cell, which could have been in pre-ejaculatory fluid which "might have sperm cells in it" but "could be very few compared to an actual semen sample." Ehman could not confirm the existence of the sperm cell, nor could she identify from whom it came. K.P.'s mother testified regarding the way K.P. acted after returning from the Pavons' home and to her subsequent interaction with Pavon.

Defense counsel cross-examined K.P. and her mother regarding a four-wheeler that Pavon owned and the fact that he had not let K.P. ride it on the day of the alleged assault. After the State rested, the defense called Pavon to testify on his own behalf. He testified that K.P. would come to his house to ride his four-wheeler. He further testified that on the day of the alleged sexual assault, he would not let K.P. ride the four-wheeler and she became angry. According to Pavon, K.P. threatened to "tell her mom" that he "treated her bad" and that he "had hit her." Pavon denied the sexual-assault allegations.

The jury convicted Pavon of aggravated sexual assault of a child and sentenced him to 85 years in prison. He appealed.

**Analysis**

In his sole issue on appeal, Pavon challenges the sufficiency of the evidence to support his conviction. Specifically, he contends that the State presented

4

insufficient evidence to prove beyond a reasonable doubt that he caused his sexual organ to contact the complainant's anus.

In reviewing the legal sufficiency of the evidence to support a criminal conviction, a court of appeals will determine whether, after viewing the evidence in the light most favorable to the verdict, the trier of fact was rationally justified in finding the essential elements of the crime beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010). We measure the evidence "by the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). As the exclusive judge of the facts, the jury may believe or disbelieve all or any part of a witness's testimony. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). We presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we defer to that resolution. *See Brooks*, 323 S.W.3d at 922. On appeal, we may not re-evaluate the weight and credibility of the record evidence and thereby substitute our own judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

A person commits the offense of aggravated sexual assault of a child if he intentionally or knowingly causes the anus of someone younger than 14 years of age to contact his sexual organ. TEX. PENAL CODE § 22.021(a)(1)(B)(iv), (2)(B). The uncorroborated testimony of the child may suffice to support a conviction for

aggravated sexual assault. TEX. CODE CRIM. PROC. art. 38.07(a), (b)(1); *Johnson v. State*, 419 S.W.3d 665, 671 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd).

Pavon contends that the only evidence in support of the allegation that his penis contacted K.P.'s anus was K.P.'s testimony and testimony from a sexual assault nurse examiner regarding what K.P. told her about the assault on the day it occurred. Pavon argues that no rational jury could have found beyond a reasonable doubt that the allegation was true because the State's evidence was overwhelmed by his testimony denying the sexual assault and testimony from a forensic scientist who testified that she could not locate nor make a DNA profile from a sperm cell found on a swab from K.P.'s anus after the incident.

Pavon does not dispute that K.P. was 11 years old at the time of the alleged sexual assault. K.P. testified that Pavon pulled her pants down, touched her vagina, and tried to "put his private" in her "butt" and "it hurt." In addition to K.P.'s testimony, a sexual assault nurse examiner who met with K.P. on the same day as the alleged assault testified regarding what K.P. told her about the incident, and K.P.'s testimony was consistent with what she told the nurse examiner. Further, the State presented DNA evidence that supported K.P.'s claim that Pavon licked her ear before attempting to engage in anal sex with her. The State also presented evidence of tears on K.P.'s anus that were consistent with her testimony regarding the assault.

6

Viewing the evidence in the light most favorable to the judgment, the evidence was legally sufficient for a rational jury to have found beyond a reasonable doubt that Pavon caused his penis to contact K.P.'s anus. *See Johnson*, S.W.3d at 671–72; *Eubanks v. State*, 326 S.W.3d 231, 241 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). We overrule Pavon's sole issue on appeal.

## Conclusion

We affirm the judgment of conviction.

Michael Massengale
Justice

Panel consists of Justices Massengale, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

7